IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 3:04-1044 |
| | ) | Judge Trauger |
| LLOYD STOUDER, | ) | Magistrate Judge Knowles |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM and ORDER**

On September 2, 2005, the Magistrate Judge issued a Report and Recommendation (Docket No. 24), recommending that the defendant's Motion to Dismiss (Docket No. 7) be denied and that the plaintiff's Motion for Summary Judgment (Docket No. 13) be granted. The defendant has filed a timely "Response" (Docket No. 25) that the court will interpret as objections to the Report and Recommendation.

When the Magistrate Judge issues a Report and Recommendation on a dispositive matter, the district court must make a *de novo* determination of any portion of the Magistrate Judge's recommended disposition to which a specific written objection is made. The district court may accept, reject, or modify the recommended decision. Rule 72(b), FED. R. CIV. P.; 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001).

Among other things, in his filing, the defendant states that "this matter does not represent the direction or tactics that he wishes to pursue. Additionally, the original reasoning and logic for pursuit of this matter no longer represents an interest that adheres to current personal convictions." (Docket No. 25 at 1) Moreover, he states that he "will voluntarily terminate the UCC filings as it is not his wish to perpetuate further hindrance of the United States

1

Government . . . ." (*Id.* at 4)  Further, he states, "Although it is NOT the intention of the defendant to file similar UCC filings in the future, it is the defendant's position that the Court has not accurately established the facts in this case and would, therefore, be acting prematurely by stripping the defendant of his rights through an enjoinment." (*Id.*)  Because these commitments by the defendant could be withdrawn by him at any time, the court must proceed to rule on the two pending motions on their merits.

The defendant maintains that he is not a "tax protester" and that he has filed appropriate tax returns every year.  He asserts that he has provided the documentation concerning his taxes to the government and insists that the government either already had the information which he turned over or the documentation was a matter of public record.  He complains that the Magistrate Judge's conclusion that he filed the UCC Financing Statements complained of to harass and retaliate against Mr. Kiessling and Mr. Patrick is nothing more than speculation based upon hearsay.  He asserts that the court is without the power to "circumvent the provisions of the Uniform Commercial Code and violate the sanctity of a private contract in violation of UCC 1-206. (*Id.* at 3)  However, the defendant provides no legal authority to counter the abundant caselaw support for the court's authority to do just that set out by the Magistrate Judge in his Report and Recommendation.  He complains that he has made a "good faith offer of settlement" that has not been responded to, but his offer of settlement includes, in part, the demand that he and his children and grandchild be permanently exempt from paying federal income taxes and that they receive a full refund of all taxes paid into the United States Department of Treasury. (Docket No. 4 at 10)  Further, he ponders why, if the federal tax law is "truly legitimate," it is "written in such an obscure and nebulous manner?" (Docket No. 25 at 4)

2

Case 3:04-cv-01044   Document 26   Filed 09/22/05   Page 2 of 3 PageID #: 23

The defendant never responded to the plaintiff's Motion for Summary Judgment, and the Magistrate Judge appropriately took as undisputed all of the facts set out by the plaintiff in its Statement of Undisputed Facts (Docket No. 15). (Docket No. 24 at 6) The Magistrate Judge's decision is well-reasoned and supported by the facts of this case and abundant legal authority. The defendant's filing does nothing to convince the court that the Magistrate Judge's rulings were in any way inappropriate or in error. Having completed its *de novo* review of the pending motions, based upon the Report and Recommendation and the defendant's objections, the court finds the defendant's position untenable and his objections without merit.

It is therefore **ORDERED** that the Report and Recommendation (Docket No. 24) is **ACCEPTED** and made the findings of fact and conclusions of law of this court. For the reasons expressed therein, the defendant's Motion to Dismiss (Docket No. 7) is **DENIED**, and the plaintiff's Motion for Summary Judgment (Docket No. 13) is **GRANTED**. The court hereby **DECLARES** the UCC Financing Statements filed against William Kiessling and Joseph Patrick to be **NULL, VOID** and **WITHOUT EFFECT**.

The plaintiff has failed to submit a proposed injunction, as ordered by the Magistrate Judge (Docket No. 24 at 14), and this court declines to issue such an injunction at this time. This case is hereby **DISMISSED**.

It is so **ORDERED.**

Enter this 22nd day of September 2005.

_____
ALETA A. TRAUGER
U.S. District Judge